IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK RENFRO and GERALD LUSTIG, as representatives of a class of similarly situated persons, and on behalf of the Plan,<br><br>                Plaintiffs,<br><br>     vs.<br><br>UNISYS CORPORATION, UNISYS CORPORATION EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE, UNISYS CORPORATION SAVINGS PLAN MANAGER, PENSION INVESTMENT REVIEW COMMITTEE, FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY MANAGEMENT & RESEARCH COMPANY, and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC.,<br><br>                Defendants. | Civil Action No.  07-2098<br><br>Honorable Bruce W. Kauffman<br><br>**ORAL ARGUMENT REQUESTED** |

## THE UNISYS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Unisys Corporation, Unisys Corporation Employee Benefits Administrative Committee, Unisys Corporation Savings Plan Manager, and Pension Investment Review Committee (collectively, the "Unisys Defendants"), by and through the undersigned counsel, hereby move pursuant to Fed. R. Civ. P. 56 for summary judgment with respect to both of Plaintiffs' claims against them in the Amended Complaint.  In support of this Motion, the Unisys Defendants state as follows:

        1.     The Court should grant summary judgment to the Unisys Defendants because it is undisputed that the Unisys Defendants disclosed everything that was required to be

disclosed under the governing ERISA statutory provisions and regulations.

2. The Court should grant summary judgment to the Unisys Defendants because neither ERISA nor general standards of fiduciary conduct require disclosures of revenue sharing.

3. The Court should grant summary judgment to the Unisys Defendants because deference owed to the Department of Labor's ("DOL") detailed regulatory scheme implementing ERISA's disclosure requirements precludes this Court from grounding liability upon ERISA's general prudence standards.

4. The Court should grant summary judgment to the Unisys Defendants because ERISA section 404(c), 29 U.S.C. § 1104(c), expressly immunizes the Unisys Defendants from any claimed fiduciary breaches stemming from participants' individual elections where, as here, participants are given the opportunity to select among over 70 diverse investments options, and are given the information the DOL and ERISA requires related to these varied investments.

5. The Court also should grant summary judgment to the Unisys Defendants because Plaintiffs cannot prove causation.  Plaintiffs make no allegations regarding the Plan's individual funds' performance net of fees and expenses; hence, there can be no finding that the supposed breaches caused harm.

6. Finally, at a minimum, the claims in this suit should be limited to the six-year period prior to the commencement of this action, because Plaintiffs failed to assert allegations that would toll the governing statute of limitations under ERISA section 413, 29 U.S.C. § 1113.

7. In support of this Motion, the Unisys Defendants rely upon the supporting

- 3 -

Memorandum of Law and the Declaration of Michael Lapetina, each with exhibits thereto.

Dated:   September 7, 2007

Respectfully submitted,

/s/ Jamie M. Kohen    (jmk 0273)

MORGAN, LEWIS & BOCKIUS LLP
Joseph J. Costello (I.D. No. 44327)
Brian T. Ortelere (I.D. No. 46464)
Jamie M. Kohen (I.D. No. 92514 )
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5295/5150/5472

*Attorneys for the Unisys Defendants*