UNITED STATES DISTRICT COURT DISTRICT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK RENFRO, *et al.*, | ) | |
| | ) | Case No.:  2:07-2098-BWK |
| | ) | |
| **Plaintiffs;** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNISYS CORPORATION, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO RULE 56(f)**

Plaintiffs move this Court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, to summarily deny Defendants Unisys Corporation, Unisys Corporation Employee Benefits Administrative Committee, Unisys Corporation Savings Plan Manager, Pension Investment Review Committee's Motion for Summary Judgment ("Motion") or in the alternative, to continue that Motion to allow for a period of written discovery and depositions.

1. On September 7, 2007, in lieu of an answer or a motion to dismiss, the Unisys Defendants filed their Motion, primarily arguing that Plaintiffs' claims are barred by an affirmative defense pursuant to ERISA § 404(c), 29 U.S.C. § 1104.  The Unisys Defendants attached testimony and documents to their Motion.  *See* Ct. Doc. 12; Ct. Docs 12-1 through 12-11.

2. Rule 56(f) provides that when a Court is faced with a premature motion for summary judgment, it "may (1) deny the motion; (2) order a continuance to enable

1

affidavits to be obtained, depositions to be taken or other discovery to be undertaken; or (3) issue any other just order.  Fed. R. Civ. P. 56(f).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 & n.6 (1986) (remedy for premature motion for summary judgment is denial or continuance).

   3. Under Rule 56(f), the party seeking relief must show through an affidavit (1) what particular information is sought; (2) how if, uncovered, the information would preclude summary judgment; and (3) why the information has not yet been obtained.  *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3rd Cir. 1994). "District courts usually grant properly filed Rule 56(f) motions as a matter of course." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 258 (3d Cir. 2007) (internal quotation omitted).

   4. In support of their motion, Plaintiffs have submitted the declaration of Elizabeth J. Hubertz, counsel for Plaintiffs.  As set forth in more detail in the attached Memorandum, an affirmative defense under ERISA § 404(c) and the Department of Labor's regulations is fact-based and requires proof of compliance with at least 25 specific provisions.  29 C.F.R. § 2550-404c-1(c)(2) ("depends on the facts and circumstances of the particular case.")  *See, e.g., In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1234 (D. Kan. 2004) ("Defendants will need to prove they are entitled to invoke this defense on the facts of the case.").

   5. Plaintiffs' counsel's declaration lists specific categories of testimony and information Plaintiffs expect to seek that are relevant to the proof of facts underlying the Unisys Defendants' affirmative defense.  Plaintiffs also point out that proof of several of these facts will overlap with the proof of the merits of the case, entailing substantial discovery before the response to the Motion is due.

6. As set forth in the declaration, because the parties are in the initial pleading stage, the parties have not yet had their Rule 26 conference, and this Court has not held its Rule 16 conference or issued any order regarding discovery, no discovery has yet been conducted.

7. Accordingly, Plaintiffs seek summary denial of the Unisys Defendants' Motion pursuant to Rule 56(f)(1). "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Doe*, 480 F.3d. at 258 (internal citations omitted).

7. In the alternative, Plaintiffs seek to continue the Motion pursuant to Rule 56(f)(2) so that they can conduct discovery as outlined in the Declaration and in their Memorandum.

WHEREFORE Plaintiffs respectfully request that this Court grant their Motion to and deny the Unisys Defendants' Motion for Summary Judgment. Alternatively, Plaintiffs request that this Court grant their request to continue any ruling on that Motion pending discovery.

 SCHLICHTER, BOGARD & DENTON

 ___s/ Elizabeth J. Hubertz_____
 Jerome J. Schlichter
 Elizabeth J. Hubertz (admitted *pro hac vice*)
 Troy A. Doles
 100 South Fourth Street
 Suite 900
 St. Louis, MO 63102
 Tel: 314-621-6115
 Fax: 314-621-7151
 Lead Counsel for Plaintiffs

        Theodore H. Jobes
        Fox Rothschild LLP
        2000 Market Street, Tenth Floor
        Philadelphia, PA 19103
        Tel:   215-299-2786
        Fax:   215-299-2150
        Local Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that on September 21, 2007, a copy of the above was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Joseph J. Costello | Stephen Harburg |
| jcostello@morganlewis.com | Shannon Barrett |
| Brian T. Ortelere | Stephen Brody |
| boretelere@morganlewis.com | O'Melveny & Myers |
| Jamie M. Kohen | 1625 Eye Street, NW |
| jkohen@morganlewis.com | Washington, DC 20006 |
| 1701 Market Street | Tel: 202.383.5300 |
| Philadelphia, PA 19103 | Fax: 202.383.5414 |
| Tel: 215.963.5295/5150/5472 | Counsel for FMTC, FMRCo and FIIOC |
| Fax: 215.963.5001 | |
| Counsel for the Unisys Defendants | |

John S. Summers (PA ID No. 41854)
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Fax: (215) 568-0300
Counsel for FMTC, FMRCo and FIIOC

        s/ Elizabeth J. Hubertz
        Counsel of Record

4