**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK RENFRO and GERALD LUSTIG, individually and on behalf of all of those similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>UNISYS CORPORATION, UNISYS CORPORATION EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE, UNISYS CORPORATION SAVINGS PLAN MANAGER, PENSION INVESTMENT REVIEW COMMITTEE, FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY MANAGEMENT & RESEARCH COMPANY, and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC.<br><br>     Defendants. | Case Number: 07-cv-02098-BWK<br><br>Judge Bruce W. Kauffman |

## NOTICE OF SUPPLEMENTAL AUTHORITY

  Defendants Fidelity Management Trust Company ("FMTC"), Fidelity Management & Research Company ("FMRCo"), and Fidelity Investments Institutional Operations Company, Inc. ("FIIOC") (collectively the "Fidelity Defendants") submit this Notice of Supplemental Authority in further support of their Motion to Dismiss Plaintiffs' Amended Complaint for Breach of Fiduciary Duty [Dkt. #13] ("Dismissal Motion").

  In a recent decision, the United States Court of Appeals for the Seventh Circuit affirmed the dismissal of nearly identical breach of fiduciary duty claims brought by the same counsel against FMTC and FMRCo, two of the three Fidelity Defendants in this action. *Hecker, et al. v. Deere & Co., Fidelity Management Trust Co., and Fidelity Management & Research Co.,* Nos.

07-3605 & 08-1224, 2009 WL 331285 (7th Cir. Feb. 12, 2009) (attached as Exh. 1).[1]  In *Hecker*, participants in two 401(k) plans sponsored by Deere & Company alleged that FMTC and FMRCo violated their fiduciary duties under ERISA by causing the plans to pay excessive fees and failing to adequately disclose the plan fee structure to participants.  As here, FMTC was the directed trustee and FMRCo was the investment adviser for certain investment options offered by the Deere Plans.  *Id.* at *1.[2]

The Seventh Circuit's rulings in *Deere* directly support two independent grounds on which the Fidelity Defendants have sought dismissal of this action as to them: ***first***, the First Amended Complaint fails to allege that the Fidelity Defendants had relevant fiduciary status under ERISA with respect to the challenged conduct; and ***second***, the First Amended Complaint fails to allege specific facts that, if true, would establish a breach of ERISA fiduciary duties even were there fiduciary status.  The Fidelity Defendants address each of these issues in turn.

**A.    Failure to Allege Facts Establishing Fiduciary Status**

The Seventh Circuit held that plaintiffs' claims against FMTC and FMRCo failed "at the threshold" because the complaint did not sufficiently allege the fiduciary status of either of those defendants.  In doing so, the court addressed two of the key arguments for fiduciary status that plaintiffs assert against the Fidelity Defendants in the present case:  (1) that one or more of the Fidelity Defendants "played a role" in the selection of plan investment options; and (2) that the Fidelity Defendants exercise fiduciary discretion by controlling the distribution among Fidelity entities of revenues received from Fidelity mutual funds offered as plan investment options.

---

[1]    Copies of the operative complaint in *Hecker* and a chart comparing key allegations in that complaint to those in plaintiffs' First Amended Complaint in this case are attached as Exhibits 2 and 3, respectively.

[2]    Although FIIOC was not named as a defendant in *Hecker*, the claims asserted against FIIOC in this action are indistinguishable from those asserted against FMTC and FMRCo.  Accordingly, the holdings in *Hecker* have similar relevance to FIIOC as to those other Fiduciary Defendants.

2

1.     **Failure to Plead Fiduciary Authority Over Investment Selection**

The Seventh Circuit rejected plaintiffs' argument that FMTC exercised fiduciary control in limiting the plan sponsor's selection of investment options to funds managed by FMRCo, and added:

> But what if it did?  Plaintiffs point to no authority that holds that limiting funds to a sister company automatically creates discretionary control sufficient for fiduciary status.  To the contrary, as Fidelity points out, there are cases holding that a service provider does not act as a fiduciary with respect to the terms in the service agreement if it does not control the named fiduciary's negotiation and approval of those terms.

*Id.* at *7.  The court also pointed out that the trust agreement gave the plan sponsor, not FMTC, the "final say on which investment options will be included."  *Id.* ("The fact that Deere may have discussed this decision, or negotiated about it, with [FMTC] does not mean that [FMTC] had discretion to select the funds for the Plans.").  *Id.*  This reasoning directly supports the Fidelity Defendants' argument that FMTC did not act as a fiduciary in negotiating a requirement in the Trust Agreement that the Unisys Defendants select the Plans' investment lineup from specified categories of investment options.  *See* Memorandum in Support of Fidelity Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Breach of Fiduciary Duty  ("Fidelity's Memorandum") [Dkt. # 13], at 15-16.

The Seventh Circuit further held that plaintiffs' allegation that FMTC "played a role in the selection of investment options"—the same language alleged as to Fidelity Defendant FIIOC here (First Am. Compl. ¶ 15)—was insufficient to state a claim based on a theory that FMTC was a functional or "*de facto*" fiduciary.  *Hecker,* 2009 WL 331285, at *8 ("There is an important difference between an assertion that a firm exercised 'final authority' over the choice of funds, on the one hand, and an assertion that a firm simply 'played a role' in the process, on the other hand.  The Complaint on which [plaintiffs] proceeded made the latter allegation, not the

former. It gave no notice to the defendants that they would be required to defend on the former basis.").

### 2. No Fiduciary Control Over Distribution to Affiliates of Revenues from Mutual Funds

The court similarly rejected the argument, also made by plaintiffs in this case (*see* Pls.' Op. to Fidelity Defs.' Mot. to Dismiss [Dkt.# 30], at 15-21), that the Fidelity Defendants exercised discretion over the disposition of the plans' assets by controlling the distribution among Fidelity entities of revenues collected from the Fidelity mutual funds offered under the plans. The Seventh Circuit first noted that, under the terms of ERISA, the mutual fund assets from which the revenues were drawn are not plan assets. *Hecker*, 2009 WL 331285, at *8. It then explained that, "Once the fees are collected from the mutual fund's assets and transferred to one of the Fidelity entities, they become Fidelity's assets—again, not the assets of the Plans." *Id.*

## B. Failure to Allege Facts Establishing Breach

The Seventh Circuit also rejected the substance of the breach of fiduciary duty theories alleged by plaintiffs in *Hecker* and by plaintiffs here.

### 1. No Duty to Disclose So-Called "Revenue Sharing Arrangements"

The court first affirmed dismissal of the claims based on allegations—repeated by plaintiffs in this action (First Am. Compl. ¶ 63(B))—that defendants failed to disclose so-called "revenue sharing arrangements" between FMTC and FMRCo. The Seventh Circuit explained that these arrangements "violate[] no statute or regulation" and that the existence of such arrangements was not material to participants so long as the plan sponsor disclosed total fees for the plans' investment options. *Hecker*, 2009 WL 331285, at *9. As the court put it:

> The total fee, not the internal post-collection distribution of the fee, is the critical figure for someone interested in the cost of including a certain investment in her portfolio and the net value of that investment.

*Id.* The Fidelity Defendants have made this same argument in the present case. (Fidelity's

4

Mem., at 16-20.)

**2.     Failure to State Claim for "Excessive" or "Unreasonable" Fees**

Next, the Seventh Circuit held that plaintiffs had failed to state a claim that the plan sponsor had breached its fiduciary duties by selecting investment options with excessive fees. *Hecker*, 2009 WL 331285, at *10.  Plaintiffs here make the same claim.  As previously discussed in Fidelity's Memorandum (p. 9), plaintiffs' claims that the Unisys Plan incurred "unreasonable" or "excessive" fees through its investments turn on the assertion that less expensive investment vehicles were available.  (*See* First Am. Compl. ¶¶ 39-40.)  Plaintiffs' claims here should be dismissed for the same reasons as were relied upon by the Seventh Circuit in *Hecker*.

First, the Seventh Circuit observed that there is "no room for doubt that the Deere Plans offered a sufficient mix of investments for their participants." *Hecker*, 2009 WL 331285, at *10. Here, the Unisys Plan had more than 70 investment options in a wide variety of investment disciplines and organized variously as mutual funds and collective trusts.  (*See* First Am. Compl. ¶¶ 39-40; Master Trust Agreement Between Unisys Corporation And Fidelity Management Trust Company: Unisys Savings Trust (the "Trust Agreement"), attached as Exhibit C to Declaration of Arthur W.S. Duff in Support of Fidelity Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Breach of Fiduciary Duty [Dkt. # 13], at Schedule C & Amendments.) In *Hecker*, the court noted that there was a wide range of expense ratios among the mutual funds offered under the plans.   The same is true here.  For example, the Unisys Plan's investment lineup has included both the Fidelity Spartan Total Market Stock Index Fund, with an expense ratio of .10%, and the Fidelity Southeast Asia Fund, with an expense ratio of 1.18%.  *See* Trust Agreement, Second & Twelfth Amendments;  Form N-1A for the Spartan Index Fund, Fee Table (Apr. 4, 2008), *available at*

http://www.sec.gov/Archives/edgar/data/819118/00008191180800001/main.htm (last viewed

Feb. 27, 2009); Form N-1A for the Fidelity Southeast Asia Fund, Fee Table (Feb. 23, 2009), *available at* http://www.sec.gov/Archives/edgar/data/744822/000074482209000005/main.htm (last viewed February 27, 2009).[3]  In comparison, the Seventh Circuit noted that the expense ratios for the funds offered through the Deere Plans ranged from .07% to "just over 1%." *Hecker,* 2009 WL 331285, at *10.

Second, the Seventh Circuit further reasoned:

> Importantly, all of these funds were also offered to investors in the general public, and so the expense ratios necessarily were set against the backdrop of market competition. The fact that it is possible that some other funds might have had even lower ratios is beside the point; nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund (which might, of course, be plagued by other problems).

*Id.*  That rationale, too, applies here.

Third, it is particularly significant that one of plaintiffs' chief criticisms of the Unisys Plan's investment lineup is that it includes retail mutual funds. (First Am. Compl. ¶¶ 37-42.)  Yet the Deere Plans' investment options themselves were comprised primarily of mutual funds. *See Hecker*, 2009 WL 331285, at *2, *14.[4]

Finally, as part of its analysis, the Seventh Circuit also rejected plaintiffs' allegation that it was improper to limit the investment options to Fidelity mutual funds, pointing out that no statute or regulation prohibited a fiduciary from selecting funds from a single management company. *Id*. at *10 ("A fiduciary must behave like a prudent investor under similar

---

[3]  Forms N-1A, which set forth the contents of mutual funds' prospectuses, are filed with the Security Exchange Commission ("SEC"), *see* Form N-1A at 6, *available at* http://www.sec.gov/about/forms/formn-1a.pdf (last visited Feb. 25, 2009), and are available to the public through the SEC's searchable database at  http://www.sec.gov/edgar/searchedgar/mutualsearch.htm (last visited Feb. 27, 2009).  Thus, those documents are properly subject to judicial notice on a motion to dismiss. *In re NAHC, Inc. Securities Litig*., 306 F.3d 1314, 1331 (3rd Cir. 2002) (taking judicial notice of documents filed with SEC though not relied upon in complaint); *Oran v. Stafford*, 226 F.3d 27, 289 (3rd Cir. 2000) (following the reasoning of other circuits in taking judicial notice of SEC filings on motion to dismiss).   For the Court's convenience, 2006 versions of the prospectuses for the Fidelity Spartan Total Market Stock Index Fund and the Fidelity Southeast Asia Fund may also be found as Exhibits E and G, respectively, to the Declaration of Michael F. Lapetina in Support of the Motion for Summary Judgment of the Unisys Defendants [Dkt. # 12].

[4]  This parallel is unsurprising in that, as previously addressed in Fidelity's Memorandum (p. 9), retail mutual funds represent the predominant form of investment options in 401(k) plans generally.

circumstances; many prudent investors limit themselves to funds offered by one company and diversify within the available investment options."). This reasoning by the Seventh Circuit directly refutes efforts by plaintiffs in this action to suggest a collusive or otherwise improper relationship between Unisys and the Fidelity Defendants from the fact that the Unisys Plan is primarily invested in Fidelity investment funds. (*See, e.g.,* First Am. Compl. ¶ 27; Pls.' Op. to the Fidelity Defs.' Mot. to Dismiss, at 3, 25.)

In light of the foregoing, the Fidelity Defendants respectfully submit the Seventh Circuit's decision in *Deere* as supplemental authority in support of their Dismissal Motion.

Dated: March 2, 2009

Respectfully submitted,

By: /s/ 
John S. Summers (PA ID No. 41854)
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Fax: (215) 568-0300

*Counsel for Defendants Fidelity Management Trust Company, Fidelity Management & Research Company, and Fidelity Investments Institutional Operations Company, Inc.*

*Of Counsel*:
Robert N. Eccles
Brian D. Boyle
Stephen D. Brody
Shannon M. Barrett
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Fax: (202) 383-5414

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Jerome J. Schlichter
Elizabeth J. Hubertz
Troy A. Doles
Schlicter, Bogard & Denton
100 South 4th Street, Suite 900
St. Louis, MO  63102

*Counsel for Plaintiffs*

Theodore H. Jobes
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103

*Counsel for Plaintiffs*

Joseph J. Costello
Brian T. Ortelere
Jamie Kohen
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19101-2921

*Counsel for the Unisys Defendants*

Stephen Harburg
Shannon Barrett
Stephen Brody
O'Melveny & Meyers LLP
1625 Eye Street, NW
Washington, DC 20006

*Counsel for Defendants Fidelity Management Trust Company, Fidelity Management & Research Company, and Fidelity Investments Institutional Operations Company, Inc.*

/s/
John S. Summers