## UNITED STATES DISTRICT COURT DISTRICT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK RENFRO and GERALD LUSTIG, | ) | |
| as representatives of a class of | ) | |
| similarly situated persons, | ) | |
| and on behalf of the Plan, | ) | |
| | ) | |
| **Plaintiffs;** | ) | |
| | ) | |
| v. | ) | **Case No.:  07-2098 - BWK** |
| | ) | |
| UNISYS CORPORATION, | ) | |
| UNISYS CORPORATION EMPLOYEE | ) | |
| BENEFITS ADMINISTRATIVE | ) | |
| COMMITTEE, UNISYS CORPORATION | ) | |
| SAVINGS PLAN MANAGER, PENSION | ) | |
| INVESTMENT REVIEW COMMITTEE, | ) | |
| FIDELITY MANAGEMENT TRUST | ) | |
| COMPANY, FIDELITY MANAGEMENT | ) | |
| & RESEARCH COMPANY and | ) | |
| FIDELITY INVESTMENTS INSTITUTIONAL | ) | |
| OPERATIONS COMPANY, INC., | ) | |
| | | |
| **Defendants.** | | |

## PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO FILE
## SECOND AMENDED COMPLAINT AND DENYING AS MOOT
## UNISYS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
## <u>FIDELITY DEFENDANTS' MOTION TO DISMISS</u>

Plaintiffs request that the Court grant leave to file their Second Amended Complaint

(attached as Exhibit 1 hereto) and deny Unisys Defendants' Motion for Summary Judgment

(Docs. 11) and Fidelity Defendants' Motion to Dismiss (Doc. 13) as moot.  Since the time that

Defendants' motions were fully briefed, a number of judicial pronouncements have been issued

which significantly bear upon the issues in this case to some degree.  In light of these

developments, Plaintiffs submit that the interests of justice and judicial efficiency strongly favor

granting Plaintiffs' leave to amend and to dismiss the pending motions without prejudice to their

renewal after the Second Amended Complaint (SAC) is filed.  Because this case remains at an

early procedural stage and discovery has not even commenced, Defendants will suffer no

prejudice by allowing the proposed amendments, which simply put a sharper focus on the

existing fiduciary breach claims.  Accordingly, the Court should grant Plaintiffs' leave to amend

and deny Defendants' pending motions as moot.

## I.      BACKGROUND

This action asserts claims under ERISA for Defendants' breach of fiduciary duties and

related duties regarding the administration and management of a 401(k) retirement plan known

as the Unisys Corporation Savings Plan, Plan 004, (the "Plan").  On May 23, 2007, this case was

transferred from the Central District of California to this Court.  On September 7, 2007, Unisys

Defendants filed a motion for summary judgment and Fidelity Defendants filed a motion to

dismiss.  Docs. 11, 12, and 13.  On September 21, 2007, Plaintiffs filed a motion for relief

pursuant to Rule 56(f) of the Federal Rules of Civil Procedure with respect to Unisys

Defendants' motion for summary judgment.  Docs. 20 and 21.  On October 9, 2007, Plaintiffs

filed their opposition to Fidelity Defendants' motion to dismiss.  Doc. 30.[1]

In support of Unisys Defendants' motion for summary judgment and Fidelity

Defendants' motion to dismiss, both relied heavily on the District Court order in *Hecker v. Deere*

*& Co.*, 496 F.Supp.2d 967 (W.D. Wis 2007). Doc. 11-2 at 10-12, 14, 17, 21-24; Doc. 13 at 1-2,

11, 13, 16-17, 19-20, 24-26.  When the Seventh Circuit affirmed the Hecker District Court's

order in *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009) (herein "*Hecker I*"), Unisys

Defendants and Fidelity Defendants filed notices of supplemental authority in support of their

respective pending motions in this case. Doc. 60 at 1-9; Doc. 61 at 1-7.

---

[1]   Since October 9, 2007, the parties have filed various and additional responses, replies and sur-reply briefs in support of and/or opposition to the above-referenced motions.

However, in an unusual step, and in response to the Hecker plaintiffs' request for rehearing of *Hecker I*, as well as *amicus* briefs from the Department of Labor; a distinguished group of law professors who are ERISA or mutual fund scholars; and a brief signed by the AARP, the Consumer Federation of America, the National Senior Citizens Law Center, the Pension Rights Center and Fund Democracy, Inc., the Court recently issued a supplemental opinion which greatly narrowed its decision. *See Hecker v. Deere & Co.*, 569 F.3d 708 (7th Cir. 2009) (herein "*Hecker II*"), a copy of which is attached hereto as Exhibit 2.

As Plaintiffs explained in their response to Defendants' supplemental briefs regarding *Hecker I*, due to a number of critical factual distinctions, the original opinion had very little or no bearing on the claims in this case. Doc. 62. If there were any continued claim of relevance, it was eliminated by the Seventh Circuit in *Hecker II*. The Court expressly tied its earlier decision to its particular facts and pleadings, explaining that it "was tethered closely to the facts before the court" and does not stand for the "broad proposition" that a fiduciary in another case can be immunized from accountability for the imprudent decision of selecting an overpriced portfolio of funds. *Hecker II*, 569 F.3d at 710-11. Instead, the panel's opinion was "limited to the complaint before the court, as supplemented by the materials the panel found were properly before the district court" in connection with a motion to dismiss. *Id.* at 710.

For example, Unisys heavily relies on *Hecker I*, claiming that Unisys automatically qualifies for the §404(c) safe harbor simply by offering a large number of investments. Doc. 61 at 8-9. *Hecker II*, recognizing the DOL's alarm at such an interpretation, squarely rejects that approach, cautioning that the opinion should not be read as a "sweeping statement that any Plan fiduciary can insulate itself from liability by the simple expedient of including a very large number of investment alternatives in its portfolio and then shifting to the participants the

responsibility for choosing among them." *Hecker II*, 569 F.3d at 711.  Indeed, the court noted

that such a strategy could represent "obvious, even reckless imprudence." *Id.*  Rather, *Hecker II*

affirmatively makes clear that the burden of analyzing and prescreening each fund rests with plan

fiduciaries, and they cannot escape this duty by attempting to shift the burden to participants,

who are unsophisticated investors. *Id.*  In other words, contrary to what Defendants suggest, plan

fiduciaries must individually analyze each investment option.

Moreover, the DOL in its brief in support of rehearing, emphatically urged the Court to

recognize that §404(c) does not provide a safe harbor against core fiduciary breaches in the

selection of plan options.  Responding to DOL's serious concerns and contrary to Unisys' claim,

the Seventh Circuit clarified that it had expressly declined to decide whether §404(c) applies to

the selection of investment options, leaving this question "open for future development." *Id.* at

710; cf. Doc. 60 at 6-7. Thus, apart from the fact that §404(c) is an affirmative defense whose

burden of proving falls on Defendants, contrary to Unisys' claim that §404(c) protects them,

*Hecker* does not stand for that proposition.

Further, *Hecker II* also recognized that a fiduciary can be liable for squandering a plan's

bargaining power by investing in retail mutual funds with higher fees where plaintiffs allege that

the plan was not, at the same time, receiving better-than-retail services for investing in the

mutual fund.  *Hecker II*, 569 F.3d at 711.  In so holding, the Court recognized that very large

investors, such as the Deere plan, have available "wholesale" options rather than retail options

available to small investors. The Seventh Circuit clearly concluded that retail funds with the

same services do not "approach" the fee level of wholesale funds. *Id.*  Only because the specific

complaint in *Hecker* did not allege that no extra services were provided so as to approach

wholesale fee levels did the Court dismiss that claim. *Id.* ("The complaint is silent about the

services that Deere participants received … It would be one thing if they were treated exactly like all other retail market purchasers … it would be quite another … if they received other extra services.") The Court concluded by again emphasizing the limitations of its opinion: "*this* complaint, alleging that Deere chose *this* package of funds … failed to state a claim." *Id.* (emphasis in original). After *Hecker II*, the limited applicability of the original opinion could not be more explicit.

Indeed, under similar circumstances to the case at bar, the district court in another 401(k) fee case recently found the supplemental *Hecker II* opinion to be a significant development which warranted granting the plaintiffs leave to amend their complaint. As stated by the Honorable Judge Ruben Castillo of the Northern District of Illinois, a district within the Seventh Circuit, the Seventh Circuit issuing a supplemental opinion was notably "unusual" in the "…15 years he has been on the bench…" *George et al. v. Kraft Foods Global, Inc.*, 08-cv-3799 (N.D. Illinois, July 22, 2009 Transcript at p. 3) (Exhibit 3 hereto).  In recognition of this "unusual" issuance of a supplemental opinion by the Seventh Circuit in *Hecker II*, Judge Castillo denied defendants' pending motions to dismiss and granted plaintiffs leave to file an amended complaint (*id*. at Doc. 106), which is similar to the relief sought by Plaintiffs herein.

In addition, the Supreme Court will be deciding the propriety of retail fees in mutual funds, in *Jones v. Harris Assoc. LP*, No. 08-586, which is not an ERISA case. The Seventh Circuit in *Jones v. Harris*, 527 F.3d 627 (7th Cir.), *reh'g denied*, 537 F.3d 728, 730-31 (2008), *cert. granted*, 129 S.Ct. 1579, 173 L.Ed.2d 675 (2009) held that a mutual fund investment adviser did not violate its fiduciary duty under the Investment Company Act (ICA) because the mutual fund market is sufficiently competitive to ensure that fees are not excessive. 527 F.3d at 631-32; *compare Hecker I*, 556 F.3d at 586 (stating the similar point that all of the mutual funds

in the Deere plan "were also offered to investors in the general public, and so the expense ratios necessarily were set against the backdrop of market competition"). In dissent from the denial of rehearing *en banc* in *Jones*, joined by four other Seventh Circuit judges, Judge Posner severely criticized the supposed market competition of mutual fund fees, noting widespread trading abuses and improprieties in the industry. 537 F.3d 728, 730-31 (Posner, J., dissenting from denial of reh'g).

The foundation used by the Seventh Circuit in *Jones* for its conclusion that retail mutual fund fees are competitive was a "study" authored by Glenn Hubbard, who it now turns out was acting at the time as an extremely highly paid expert witness for Fidelity.[2] Moreover, Mr. Hubbard admitted that a Fidelity attorney approved portions of the "study" as he drafted.[3] Tellingly, Mr. Hubbard's co-author was unaware of these actions and payments. *Id.* Even *Forbes*, whose signature value is freedom of markets, has now questioned whether the Supreme Court will wholly reject this "study" as it did in the *Exxon Valdez* appeal with a study funded by Exxon Mobil. *See Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2626 n.17 (2008) ("declin[ing] to rely on" research "funded in part by" party to the case).

Moreover, the applicable pleading standards under Rule 8 of the Federal Rules of Civil Procedure have arguably changed since Plaintiffs filed their current complaint and Fidelity Defendants filed their motion to dismiss.[4] In May of this year, the Supreme Court handed down its decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), holding that "[t]o survive a motion

---

[2] Brief of AARP and Consumer Fed'n of America as Amici Curiae in Support of Pet., S.Ct. No. 08-586, at 20 n.7, *available at*: http://www.abanet.org/publiced/preview/briefs/pdfs/07-08/08-586_PetitionerAmCuAARPandCFA.pdf; Brief for Pet. at 49 n.48, available at: http://www.abanet.org/publiced/preview/briefs/pdfs/07-08/08-586_Petitioner.pdf.

[3] See Asher Hawkins, *Well-Funded Opinion: Are mutual fund fees too high? One influential paper that says no was financed by the fund industry*, Forbes.com (May 8, 2009), *available at*: http://www.forbes.com/2009/05/07/mutual-funds-fidelity-columbia-business-school-personal-finance-hubbard.html?partner=email.

[4] As the Third Circuit has recognized, "[f]ew issues in civil procedure jurisprudence are more significant than pleading standards, which are the key that opens access to courts." *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d. Cir. 2008).

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). To the extent the Court finds *Iqbal* may impact the pending motions, this provides

an additional ground weighing in favor of granting leave to amend to include further "factual

matter" that is consistent with this enhanced pleading standard.[5]   *See Boone v. Pennsylvania*

*Office of Vocational Rehab.*, 373 F.Supp.2d 484, 490 (M.D.Pa. 2005) ("[I]n the Third Circuit, a

court must grant leave to amend before dismissing a complaint that is merely deficient." citing

*Weston v. Pennsylvania,* 251 F.3d 420, 428 (3d Cir. 2001)).

## II.   REQUEST FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs request that leave be granted to file their Second Amended Complaint ("SAC")

and that Defendants' motion for summary judgment and motion to dismiss be denied as moot.

Because this case remains in its procedural infancy and Defendants will suffer no undue

prejudice, leave to amend should be granted.[6]   Moreover, in light of the Seventh Circuit's

supplemental opinion in *Hecker II*, an amendment is justified. Indeed, in conformance with

*Hecker II*, for example, Plaintiffs' proposed SAC adds allegations, *inter alia*, that the cost for

certain services paid by the Plan were unreasonable in light of the cost for the same services

---

[5] Defendants may argue that *Iqbal* merely reaffirmed but did not extend, the standard set by *Twombly*, which the Supreme Court issued prior to Plaintiffs' filing their current complaint. However, courts that have addressed the issue have found *Iqbal* to be an extension of *Twombly*. *See, e.g.*, *Smith v. Duffey*, -- F.3d --, 2009 WL 2357872, *4 (7th Cir. Aug. 3, 2009) (noting *Iqbal* extended *Twombly* to all cases, over the dissent of Justice Souter, author of majority opinion in *Twombly*). Moreover, when *Twombly* was issued there was substantial uncertainty even among the appellate courts as to whether it was intended to apply only to antitrust cases or to all cases. *See, e.g.*, *Twombly*, 550 U.S. at 596 (Stevens, J., dissenting) ("Whether the Court's actions will benefit only defendants in antitrust treble-damages cases, or whether its test for the sufficiency of a complaint will inure to the benefit of all civil defendants, is a question that the future will answer."); *Phillips*, 515 F.3d at 234 ("We are not alone in finding the opinion confusing. ...The issues raised by *Twombly* are not easily resolved, and likely will be a source of controversy for years to come"); *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007) (noting uncertainty as to intended scope of *Twombly* and concluding it did not impose a universal heightened pleading standard); *Cosmetic Gallery, Inc. v. Schoeneman Corp.*, 495 F.3d 46, 54 (3d Cir. 2007) (describing *Twombly* as setting antitrust pleading standards).

[6]   Per order of this Court, the parties have not been allowed to engage in any discovery until resolution of the pending motions.  Doc. 41.

available to similarly situated 401(k) plans.  See e.g. ¶26 of Exhibit 1, see also *Hecker II*, 569 F.3d at 711.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely given when justice so requires."  As the Supreme Court has explained, a motion for leave to amend should be granted "in the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This Court shall be guided by the Third Circuit's "strong liberality … in allowing amendments under Rule 15(a)."  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989).

In the proposed amended complaint, Plaintiffs clarify and make more specific their allegations of Defendants' breaches of fiduciary duties and other wrongdoing.  For example, Plaintiffs identify the specific services (i.e. investment management and administrative services) that resulted in excessive and unreasonable charges against the Plan.  See ¶¶37-47, 50, 55, 75, and 80 of Exhibit 1.  Plaintiffs further allege that Defendants obligated the Plan to pay fees and expenses for investment management and administrative services that were unreasonable and excessive in light of the services actually provided to the Plan and when compared to lower fees which were available to a Plan of such a large size, given the economies of scale that should have been leveraged for the Plan's benefit.  *Id*.

Further, Plaintiffs allege that Defendants allowed investment management and administrative fees, which they obligated the Plan to pay, to increase as the assets in the Plan increased even though no commensurate increase in the level of services was being provided.  *Id*. Had Defendants properly monitored, benchmarked, and/or compared the costs for these services,

they would have determined that, given the size of the Plan, the true cost for providing these services was actually substantially less than what the Plan was obligated to pay. *Id.* Although the Plan is a very large institutional investor, it is required to pay for investment management and administrative services at the higher individual investor/retail rate without receiving any additional services to offset the fact that lower fees were available to an institutional investor for the same services. *Id.*

These allegations are and will be supported by the facts in this case. Indeed, it is facts such as these that the Court in *Hecker II* indicated should be asserted in order to, in its view, state an actionable claim. 569 F.3d at 711 (noting that a plausible claim is made if participants in a large retirement plan receive the same level of services yet at the same cost as "all other retail market purchasers of [] mutual fund shares").

The Third Circuit has characterized "substantial or undue prejudice" as the "touchstone" factor for an opposing party to demonstrate in attempting to overcome the liberal standards favoring amendment. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Further, an opposing party "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.'" *Bechtel*, 886 F.2d at 652. Otherwise, "the leave sought should, as the rules require, be 'freely given.'" *Heyl & Patterson Intern., Inc. v. F. D. Rich Housing, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (quoting *Foman*, 371 U.S. at 182). Courts routinely permit amendments where discovery has not commenced and the proposed amendments arise out of the same facts as the existing claims. *See, e.g., Haddock v. Nationwide Financial Services Inc.*, 514 F.Supp.2d 267, 271 (D.Conn. 2007) (no prejudice and allowing fifth amendment in ERISA breach of fiduciary duty action where case was still in pre-class-

certification stage of discovery and amendments was merely variation on previous claims);

*Upper Valley Ass'n for Handicapped Citizens v. Mills*, 928 F.Supp. 429, 434 (D.Vt. 1996) (no

prejudice where defendants had conducted no discovery and proposed amendments arose out of

same core of operative facts); *In re The IT Group, Inc*., 361 B.R. 417, 421 (Bankr.D.Del. 2007)

(no undue prejudice where neither party had engaged in discovery, court had not entered a

scheduling order and had not set a trial date).

No conceivable prejudice could result from allowing the requested amendments. Per this

Court's order of December 20, 2007, this case has been inactive and, consequently, the parties

have not engaged in any discovery. Moreover, no scheduling order is in place, class certification

has not been briefed, and no trial date has been set. Accordingly, the Defendants will not be

prejudiced if an amendment is allowed, and the case will not be meaningfully delayed. Defendants

cannot credibly claim any unfair surprise or undue prejudice here.

Plaintiffs' proposed SAC is not an exercise in futility. An amendment is only futile when

it would not cure the deficiency in the original complaint or could not withstand a renewed

motion to dismiss. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d

Cir.1988). Neither circumstance is present here. The additional information and allegations of

the SAC merely provide more specificity and factual detail to the existing claims and the

allegations, if proven at trial, would clearly establish, among other things, breach of Defendants

fiduciary duties of prudence and loyalty in administering the Unisys 401(k) Plan. Therefore, the

amendments present viable legal claims and satisfy the applicable standards of Fed.R.Civ.P. 8

and are not futile.

None of the other factors that could potentially weigh against leave to amend are present.

Plaintiffs have not demonstrated bad faith, undue delay, or dilatory motive.  Plaintiffs carefully

assessed the import of these recent legal developments on the complex issues herein, and now

promptly seek leave to amend.  The amendments will not delay, but rather will focus and even narrow the issues.  Indeed, all of the relevant factors favor granting Plaintiffs' motion.

Furthermore, given the "unusual" steps taken by the Seventh Circuit in significantly limiting the application of *Hecker I* to other cases, Plaintiffs should be afforded the same opportunity here, as Judge Castillo recently provided in another ERISA fee case.  To be deprived of the opportunity to amend at this stage would, in fact, unduly prejudice Plaintiffs. Because this proposed SAC is only the second amendment sought by Plaintiffs, is being presented prior to any discovery, and is being tendered in light of recent judicial pronouncements on both the applicable procedural and substantive law pertinent to the issues before the Court, as well as a pending Supreme Court case, justice requires that leave to amend be granted.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs' motion for leave to amend their complaint and denying as moot Unisys Defendants' motion for summary judgment and Fidelity Defendants' motion to dismiss, without prejudice to their renewal, and for such further relief as the Court deems appropriate.


**Dated:  August 12, 2009**                             Respectfully Submitted,

                                                              SCHLICHTER, BOGARD & DENTON

                                                              /s/ Troy A. Doles_____
                                                               Jerome J. Schlichter
                                                              Troy A. Doles
                                                              100 South Fourth Street
                                                              Suite 900
                                                              St. Louis, MO 63102
                                                              Tel:  314-621-6115
                                                              Fax:  314-621-7151

                                                              Lead Counsel for Plaintiffs

Theodore H. Jobes
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
Tel:   215-299-2786
Fax:   215-299-2150

## CERTIFICATE OF SERVICE

This is to certify that on **August 12, 2009**, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send e-mail notification of such filing to the below-referenced e-mail addresses:

Joseph J. Costello
jcostello@morganlewis.com
Brian T. Ortelere
boretelere@morganlewis.com
Jamie M. Kohen
jkohen@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5295/5150/5472
Fax: 215.963.5001
Counsel for the Unisys Defendants

Stephen Harburg
Shannon Barrett
Stephen Brody
O'Melveny & Myers
1625 Eye Street, NW
Washington, DC 20006
Tel: 202.383.5300
Fax: 202.383.5414
Counsel for FMTC, FMRCo and FIIOC

John S. Summers (PA ID No. 41854)
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Fax: (215) 568-0300
Counsel for FMTC, FMRCo and FIIOC

 **/s/ Troy A. Doles**