IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:   ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO.VI)                        MDL DOCKET NO. 875

THIS DOCUMENT RELATES TO:                 99-558

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEROY RANKIN, ET AL.**                     **PLAINTIFFS**

VS.

**A-BEX, ET AL.**                            **DEFENDANTS**

**Severed Cases:**

| | |
|---|---|
| Allen, Eugenia | 08-73227 |
| Andrews, Harry E. | 08-73230 |
| Baltes, William James | 08-73234 |
| Colangelo, Anthony | 08-73250 |
| Crosby, Howard Otis | 08-73473 |
| Dias, William Albert | 08-73267 |
| Heiser, Michael Kent | 08-73300 |
| Henck, Charles F. | 08-73667 |
| High, Arthur G. | 08-73303 |
| Klingshirn, Alfred | 08-73671 |
| Laycheck, Michael | 08-73546 |
| Letteri, Joseph Achille | 08-73327 |
| Luzzi, Frank | 08-73329 |
| Mancini, Nick | 08-73332 |
| McAllister, John Fredrick | 08-73341 |
| McCallan, Terence John | 08-73342 |
| McKelvey, Robert L. | 08-73559 |
| Miller, Gilbert Lee | 08-73345 |
| Mraovich, Stanley | 08-73350 |
| Mraovich, Nick | 08-73349 |
| Petro, John | 08-73681 |
| Petruccio, Daniel J. | 08-73682 |
| Resetar, Bernard G. | 08-73593 |
| Schukart, James | 08-73395 |
| Shaffalo, William Victor | 08-73396 |
| Sowa, Bernard L. | 08-73613 |



| | |
|---|---|
| Steffler, Melvern E. | 08-73409 |
| Stokes, George | 08-73410 |
| Strait, John W. | 08-73616 |
| Sturdy, Robert | 08-73617 |
| Tranelli, Peter Adolf | 08-73435 |
| Wiegel, Richard Edward | 08-73429 |
| Zunic, George W. | 08-73434 |

### PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS', BEAZER EAST, INC., MOBILE WELDING SUPPLY CO., INC., SCOTT AVIATION, A DIVISION OF SCOTT TECHNOLOGIES, INC., SCOTT TECHNOLOGIES, INC. (F/KA/ FIGGIE INTERNATIONAL, INC., F/K/A AND/OR SUCCESSOR IN INTEREST TO SAFETY SUPPLY AMERICA), UNIVERSAL REFRACTORIES, WHEELER PROTECTIVE APPAREL, INC., CHEVRON CORPORATION, OSRAM SYLVANIA, INC., FAIRMONT SUPPLY CO., GUARD-LINE, INC., AND GREENE TWEED & COMPANY, MOTION TO DISMISS

Now come the above-referenced Plaintiffs, by and through the undersigned counsel, and hereby submit their Consolidated Response in Opposition to Defendants', Beazer East, Inc., Mobile Welding Supply Co., Inc., Scott Aviation, a division of Scott Technologies, Inc., Scott Technologies, Inc., (f/k/a Figgie International, Inc. f/k/a and/or successor in interest to Safety Supply America), Universal Refractories, Wheeler Protective Apparel, Inc., Chevron Corporation, Osram Sylvania, Inc., Fairmont Supply Co., Guard-Line, Inc., and Greene Tweed & Co., Motion to Dismiss.

The reasons and authorities in support of this Response in Opposition are set forth in greater detail in the attached Memorandum, which is fully incorporated herein.

    Respectfully submitted,
    /s/ Daniel S. Burley
    Kelley & Ferraro, LLP
    Thomas M. Wilson (OH Bar #0038933)
    John Martin Murphy (OH Bar #0066221)
    Anthony Gallucci (OH Bar #0066665)
    Daniel S. Burley (OH Bar #0079764)
    127 Public Square, 2200 Key Tower
    Cleveland, OH 44114

        Phone:      216-575-0777
        Facsimile:  216-575-0799
        Attorneys for Plaintiff

## I.   Plaintiffs' Complaints Satisfy the Applicable Pleading Requirements

Defendants, Beazer East, Inc., Mobile Welding Supply Co., Inc., Scott Aviation, a division of Scott Technologies, Inc., Scott Technologies, Inc., (f/k/a Figgie International, Inc. f/k/a and/or successor in interest to Safety Supply America), Universal Refractories, Wheeler Protective Apparel, Inc., Chevron Corporation, Osram Sylvania, Inc., Fairmont Supply Co., Guard-Line, Inc., and Greene & Tweed, Co.(hereinafter referred to as "Defendants"), move to dismiss Plaintiffs' claims on the alleged basis that Plaintiffs' Severed and Amended Complaints fail to state a claim upon which relief can be granted.

In MDL cases, the court applies the law of the transferor forum. Ferens v. John Deere Co., 494 U.S. 516, 524 (1990). Plaintiffs' original Complaint was filed in Mississippi state court, and, accordingly, Mississippi law is controlling herein.

Rule 8 of the Mississippi Rules of Civil Procedure establishes the general rules of pleading under Mississippi law and states in pertinent part:

> "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain:
>
> **(1) a short and plain statement of the claim showing that the pleader is entitled to relief,..."** (emphasis added).

The Supreme Court of Mississippi has stated that "the requirements for filing a complaint are clearly, unambiguously and exhaustively set forth" in Rule 8. Wimley v. Reid, 991 So.2d 135 (Miss. 2008). Rule 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Id. Rule 8(e) provides the

averments in the complaint to be "simple, concise, and direct," and that "[n]o technical forms of pleading…are required." Id.

Under Rule 8 of the Mississippi Rules of Civil Procedure, it is **only necessary that the pleadings provide sufficient notice** to the defendant of the claims and the grounds upon which relief is sought. (emphasis added). Estate of Stevens v. Wetzel, 762 So.2d 293 (Miss. 2000); *citing* Dynasteel Corp. v. Aztec Indus., Inc., 611 So.2d 977 (Miss. 1992).

The comment to Rule 8 begins with the statement: "**The purpose of Rule 8 is to give notice, not to state facts and narrow issues** as was the purpose in prior Mississippi practice." (emphasis added) *See* Miss.R.Civ.P.8 cmt. The comment to Rule 8 further states that "[t]he **rule allows the claim to be stated in general terms** so that the rights of the client are not lost by poor drafting skills of counsel." (emphasis added). Id; *See also* Duncan ex rel.Duncan v. Chamblee, 757 So.2d 946 (Miss. 1999).

In the cases *sub judice*, Plaintiffs have clearly satisfied the minimal requirements of Rule 8 of the Mississippi Rules of Civil Procedure. Plaintiffs have more than set forth a short and plain statement of the claim showing that the pleader is entitled to relief, as that is all that is required under Mississippi law, but, rather have set forth fifty-five (55) paragraph Severed and Amended Complaints setting forth in fairly great detail Plaintiffs' product liability claims against the named Defendants. Plaintiffs are not required to state facts and narrow issues, as Defendants suggest, but only to state a claim in general terms to put the named Defendants on adequate notice. Plaintiffs have set forth Plaintiffs' years of employment, stated that Plaintiffs' years of employment were the period of exposure to the named Defendants' products and asbestos exposure for Plaintiffs, and that

Plaintiffs suffered asbestos-related injuries as the proximate result of exposure and use of the named Defendants' products. Defendants have been given adequate notice that Plaintiffs claim that its products were the proximate cause of Plaintiffs' asbestos-related injuries. That is all that is required under Mississippi pleading law at this stage.

Further, the cases that Defendants cite as authority for their position are easily distinguishable from the cases *sub judice*.

Defendants cite Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), for the position that Plaintiffs' Severed and Amended Complaints should be dismissed for their "threadbare recitals of a cause of action." The Iqbal decision was borne out of a September 11 terrorist detainee's claim against high ranking United States Government officials for purposeful and unlawful discrimination. The plaintiff in Iqbal was found not to have sufficiently plead factual matter to show that the Attorney General of the United States and the Director of the Federal Bureau of Investigation adopted and implemented a policy to detain individuals such as the plaintiff not for a neutral, investigative reason, but for the purpose of discriminating on account of race, religion, or national origin. Id. The sufficiency of the pleadings as against other defendants in the Iqbal complaint was not at issue, but only implausible claims that the Attorney General of the United States was the "principal architect" of an unconstitutional policy of discrimination and that the Director of the Federal Bureau of Investigation was "instrumental in [its] adoption, promulgation, and implementation." Id. at 1944. The Court citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, stated that the standard for assessing the adequacy of the pleadings calls for a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed

to render the claim *plausible*." Id. Thus, additional factual allegations are only required where amplification is needed to render the particular claim plausible. There is no such needed amplification in the case *sub judice* and to compare it with Iqbal is quite the logical stretch. Plaintiffs bring product liability claims against these Defendants. There is nothing implausible in Plaintiffs' Severed and Amended Complaints that require the Plaintiffs to satisfy a higher standard of pleading as in Iqbal. As set forth previously herein, Plaintiffs have set forth Plaintiffs' years of employment, stated that Plaintiffs' years of employment were the period of exposure to the named Defendants' products and asbestos exposure for Plaintiffs, and that Plaintiffs suffered asbestos-related injuries as the proximate result of exposure and use of the named Defendants' products. Defendants have been given adequate notice that Plaintiffs' claim that its products were the proximate cause of Plaintiffs' asbestos-related injuries. That is all that is required under Mississippi pleading law at this stage.

Likewise, Defendants' reliance on Harold's Auto Parts, Inc. v. Mangialardi, 889 So.2d 493 (Miss. 2004) and Illinois Central R.R. Co. v. Adams, 922 So.2d 787 (Miss. 2006) is misplaced.

Both Mangliardi and Adams involve issues of improper joinder and the insufficiency of the Plaintiffs' pleadings in the joinder context. In the cases *sub judice*, Plaintiffs have filed Severed and Amended Complaints and Plaintiffs have an individual claim against each of the named Defendants, including these moving Defendants, that Plaintiffs believe at this point have contributed to Plaintiffs' asbestos-related injuries.

The Mangliardi court stated, "We hold that plaintiffs have wholly failed in their obligation to assert **sufficient information to justify joinder**..." (emphasis added)

Mangliardi at 495. Further, the Mangliardi court did not dismiss the plaintiffs' claims as is requested by the Defendants herein, but ordered that each plaintiff provide each defendant the time period and location of exposure. Id.

The Adams court stated, "The forty-seven plaintiffs clearly have not alleged a distinguishable litigable event which **connects them** and they therefore **were improperly joined**." (emphasis added). Adams at 790.

Both Mangliardi and Adams dealt with complaints wherein numerous plaintiffs had joined but had not clearly alleged facts that warranted that joinder of their claims were proper. These cases are clearly distinguishable to Plaintiffs' claims which have been severed and which set forth Plaintiffs' exposure periods and locations of exposure.

The final case that Defendants' offer to support their argument is Bilbo v. Thigpen, 647 So.2d 678 (Miss. 1994). Bilbo deals with a *pro se* prisoner's civil rights complaint against prison officials alleging conditions constituting cruel and unusual punishment in a prison facility. The court held that the complaint in Bilbo was insufficient because it did not state acts or omissions by the named defendants which demonstrated conduct amounting to deliberate indifference, and, accordingly, the complaint was not legally sufficient to state a cognizable Eighth Amendment claim against the defendants. Id. at 685. Further, the complaint was dismissed because the plaintiff failed to name the proper parties and due to the fact the plaintiff made claims that simply did not exist under Mississippi law. Id. at 686-687. Again, like Iqbal, Bilbo is hardly analogous to the cases *sub judice*. A claim of constitutional violations of the Eighth Amendment clearly holds a plaintiff to a higher pleading standard, i.e. facts that if taken as true would demonstrate "deliberate indifference", than the product liability claim

that is at issue herein. The logical stretch that it takes to even compare the situations is so vast that it hardly warrants analysis.

Despite Defendants' constant assertions that the pleadings are void of any factual allegations to satisfy the applicable pleading requirements, Plaintiffs' Severed and Amended Complaints have set forth: 1) Plaintiffs' years of employment; 2) stated that Plaintiffs' years of employment were the period of exposure to the named Defendants' products and asbestos exposure for Plaintiffs; and 3) that Plaintiffs suffered asbestos-related injuries as the proximate result of exposure and use of the named Defendants' products. Plaintiffs are required only to set forth in general terms the claim and put Defendants on notice that it is alleged that Plaintiffs' use of and exposure to their products proximately resulted in an asbestos-related injury. Plaintiffs have done so.

Accordingly, by doing so, Plaintiffs have complied with the applicable pleading standards at issue as well as this Honorable Court's September 18, 2008, Memorandum and Order.

## II.   Conclusion

Defendants' Motion to Dismiss must be denied. Defendants have attempted to create a higher pleading standard than that which is required of these Plaintiffs in setting forth a claim. The Supreme Court of Mississippi has held that a motion to dismiss is a matter of law and a motion to dismiss for a failure to state a claim upon which relief can be granted **should not be granted unless it appears beyond a reasonable doubt that the plaintiffs will be unable to prove any set of facts in support of the claim.** (emphasis added). Liggans v. Coahoma County Sherriff's Dept., 823 So.2d 1152, 1154 (Miss. 2002). Further, when a court is considering a motion to dismiss, the allegations in

the complaint **must be taken as true**. (emphasis added) Cmty Hospital of Jackson v. Goodlett, 968 So.2d 391, 396 (Miss. 2007) (overruled on other grounds).  Clearly, Plaintiffs have set forth facts that taken as true would establish a viable products liability claim against Defendants.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

/s/ Daniel S. Burley
Kelley & Ferraro, LLP
Thomas M. Wilson (OH Bar #0038933)
John Martin Murphy (OH Bar #0066221)
Anthony Gallucci (OH Bar #0066665)
Daniel S. Burley (OH Bar #0079764)
127 Public Square, 2200 Key Tower
Cleveland, OH 44114
Phone:      216-575-0777
Facsimile:  216-575-0799
Attorneys for Plaintiff