UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK RENFRO *et al.*, ) | |
| Plaintiffs, ) | |
| ) | Case No.:  07-2098 - BMS |
| v. ) | |
| ) | |
| UNISYS CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES SUPPPORTING DENIAL OF DEFENDANTS' MOTIONS TO DISMISS [Docs. 88, 89]**

Plaintiffs submit this notice to inform the Court of three recent decisions which support the denial of the Unisys and Fidelity Defendants' Motions to Dismiss [Docs. 88, 89]: *George v. Kraft Foods Global, Inc.*, --- F.Supp.2d ---, No. 08-3799 (Doc. 130), 2009 WL 4884027 (N.D. Ill. Dec. 17, 2009); *Tussey v. ABB, Inc.*, No. 06-04305 (Doc. 466) (W.D. Mo. Dec. 8, 2009);[1] and *In re Schering Plough Corp. ERISA Litig.*, --- F.3d ---, No. 08-4814, 2009 WL 4893649 (3d Cir. Dec. 21, 2009).

**A.  *George v. Kraft Foods Global, Inc.*, --- F.Supp.2d ---, No. 08-3799 (Doc. 130), 2009 WL 4884027 (N.D. Ill. Dec. 17, 2009).**

*George* concerns claims of breach of fiduciary duty over excessive fees in a 401(k) plan similar to this case. The court found allegations similar to those in Plaintiffs' complaint here sufficient to survive a motion to dismiss. Just as Plaintiffs allege in this case, the *George* plaintiffs alleged that plan fiduciaries caused the plan to pay unreasonable administrative fees, including revenue sharing payments to the plan recordkeeper in excess of the contracted per-participant fee. *George*, 2009 WL 4884027 at *3; Mem. In Opp. to Unisys Mot. to Dismiss at 11-14 [Doc. 97] (Unisys MIO); Second Amended Complaint Counts II, V, ¶¶53-58, 78-85 [Doc. 98] (SAC). As here, the *George* plaintiffs also asserted claims based on excessive investment

---

[1] Transcript filed herewith as Exhibit 1.

1

management fees and including certain mutual funds as plan options. *George*, 2009 WL 4884027 at *4; Unisys MIO at 6-11; SAC Counts I, IV, ¶¶ 48-52, 73-77.

Regarding excessive administrative fees, the *George* complaint alleged that defendants failed to monitor the fees paid to the plan recordkeeper and failed to account for additional revenue sharing payments from one of the investment funds. *George*, 2009 WL 4884027 at *12. The court found those allegations satisfied Rule 8, because they were not mere "labels and conclusions" or the type of "formulaic recitation[s] of the elements" of a fiduciary breach claim proscribed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and thus were sufficiently specific. *Id*. The court found *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), inapposite because it "says nothing regarding the duty a fiduciary holds with respect to a 401(k) investment plan's administrative services fees." *Id.* at n.17. This is similar to Plaintiffs' argument herein. Unisys MIO at 18.

*George* found that plaintiffs stated a claim that the defendants breached their fiduciary duties by including excessive-cost, underperforming mutual funds in the plan. *George*, 2009 WL 4884027 at *13. Relying on *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585 (8th Cir. 2009), the court found sufficient allegations that the defendants failed "to utilize a meaningful process" to assess whether the funds were appropriate investments for the plan. *Id.* Plaintiffs have argued the same herein. Unisys MIO at 16-17.

The defendants in *George* made the same argument as the Fidelity Defendants herein – that the complaint did not adequately plead the fiduciary status of each named defendant. *George*, 2009 WL 4884027 at *14; see Mem. In Supp. of Fidelity Mot. to Dismiss at 6, 14-16 [Doc. 88-3] (Fidelity MIS); Reply Mem. In Supp. of Fidelity Mot. to Dismiss at 2-7 [Doc. 99] (Fidelity RMIS). *George* rejected that argument, recognizing that while plan documents can provide

guidance regarding fiduciary status, they are not dispositive. *George*, 2009 WL 4884027 at \*14. This undermines Fidelity's argument. Fidelity RMIS at 2-7. Because fiduciary capacity is a fact-intensive inquiry, *George* concluded that determining fiduciary status was not appropriate on a motion to dismiss. *George*, 2009 WL 4884027 at \*14. That supports Plaintiffs' arguments herein that detailed allegations regarding each defendant's fiduciary role are not required. Mem. In Opp. to Fidelity Mot. to Dismiss at 10 [Doc. 96] (Fidelity MIO).

Finally, *George* found that the plaintiffs' claims were not time-barred under the ERISA statute of limitations. *George*, 2009 WL 4884027 at \*6-11.[2] The court found the mere fact that a plan fund had been operated in the same manner since the mid-1990s "sheds little light upon when the last action which constituted a part of each of the alleged breaches" occurred. *Id.* at \*9. This undermines Fidelity's analogous argument that Plaintiffs' claims are barred merely because the Trust Agreement was first signed in 1993. Fidelity MIS at 24; Fidelity RMIS at 19. It also supports Plaintiffs' argument regarding the continuing duties imposed upon plan fiduciaries. Fidelity MIO at 22-24.

### B. *Tussey v. ABB, Inc.*, No. 06-04305 (Doc. 466) (W.D. Mo. Dec. 8, 2009); Ex. 1.

*Tussey* also concerns excessive fees in a 401(k) plan – one administered by Fidelity, which also administers the Unisys Plan.[3] The court denied summary judgment motions from both ABB and Fidelity. *Tussey v. ABB, Inc.*, No. 06-04305 (Doc. 466) (W.D. Mo. Dec. 8, 2009); Transcript filed herein as Ex. 1. *Tussey* found that Fidelity Trust was a plan fiduciary because of its veto power over certain plan investment options and status as named trustee for the plan. Ex. 1 at 4:22-5:7. The court recognized that even if Fidelity Trust never exercised its veto authority, it

---

[2] For reasons not applicable here, the court dismissed claims against one defendant that ceased being a fiduciary more than six years before the action commenced. *Id.* at \*9-10.

[3] The two Fidelity defendants in *Tussey* are Fidelity Management Trust Company ("Fidelity Trust" or "FMTC") and Fidelity Management Research Company ("Fidelity Management" or "FMR Co."). Both are Defendants in this case.

was still a fiduciary under ERISA § 3(21)(iii) (29 U.S.C. § 1002(21)(iii)) simply by virtue of holding veto power over the investments. *Id.* at 5:8-17. Similarly, FMTC held unfettered veto power over investment changes in the Unisys Plan herein. SAC ¶15, Fidelity MIO at 5-7, Unisys MIO at 7. As to Fidelity Management's fiduciary status or non-fiduciary liability, the court in *Tussey* deferred that determination for development of the evidence at trial. Ex. 1 at 5:24-6:12.[4]

The court denied summary judgment as to plaintiffs' claim that the fiduciaries breached their duties by including mostly retail mutual funds for the plan's investment options, because it was reasonable to conclude that the fiduciaries failed to leverage the plan's multi-billion dollar asset size to reduce fees for participants. *Id.* at 9:7-13, 10:22-24.

> Large organizations routinely get discounts for the volume of their business that individual consumers cannot negotiate. It would be logical to believe, even without expert testimony, that a large investor should pay lower fees to a mutual fund, given its size.

*Id.* at 9:14-18. This supports Plaintiffs' claim here that Defendants imprudently squandered the Plan's bargaining power by selecting only Fidelity retail mutual funds for the vast majority of plan investment options despite the ready availability of superior, low-cost institutional options. SAC ¶¶ 47, 50(E), (H)-(K); 75(E), (H)-(K); Unisys MIO at 6-10.

*Tussey* also denied summary judgment on Plaintiffs' claim regarding excessive administrative fees, based on evidence that the fees were unreasonable and higher than market rates, that revenue sharing payments to Fidelity were used to benefit ABB rather than the plan, and that ABB failed to ascertain the amount of administrative fees the plan was being charged in order to assess whether those amounts were reasonable. Ex. 1 at 9:19-24, 10:22-11:12, 13:13-16. Here, Plaintiffs similarly allege Unisys failed to monitor the amount of revenue sharing payments Fidelity received and failed to determine whether those amounts were reasonable. SAC

---

[4] The trial in *Tussey* commenced on January 5, 2010. See *Tussey* Doc. 516.

¶¶ 55(B)-(C); 80(B)-(C). Plaintiffs also allege and have presented evidence that the Plan's fees vastly exceed reasonable market rates. SAC ¶¶ 55(G)-(H); 80(G)-(H); Unisys MIO at 11-14 (showing Plan paid $223/participant, much higher than market rates for similar plans).

The *Tussey* court held that ERISA § 404(c) (29 U.S.C. § 1104(c)) does not provide a defense to a fiduciary breach in selecting imprudent investment options for a defined contribution plan, just as Plaintiffs argue here. Ex. 1 at 14:15-22; Unisys MIO at 23-24. *Tussey* noted that the majority of courts that addressed the issue have reached the same conclusion, and that the Seventh Circuit's decision in *Hecker* is an outlier. *Id.* at 15:6-8. The court agreed with the reasoning of the Department of Labor ("DOL") as expressed in its amicus brief in *Hecker*,[5] as well as an *amicus* brief by law professors in support of the *Hecker* petition for writ of certiorari,[6] which note that the DOL's position is not only stated in the preamble to the § 404(c) regulations, but also in the regulations themselves. *Id*. at 14:23-15:5; cf. Reply Mem. In Supp. of Unisys Mot. to Dismiss at 5 [Doc. 100] (Unisys RMIS). Even assuming *arguendo* § 404(c) provided a defense to selecting imprudent investments, the *Tussey* court found that it could not conclude that losses resulted from participant control because participants were not informed about free or discounted services to ABB or about revenue sharing payments. *Id.* at 15:8-15. This supports Plaintiffs' similar argument here that participants could not have been responsible for their own

---

[5] In addition to its brief in *Hecker*, the DOL has consistently expressed this position in its *amicus* briefs in other cases. See also *amicus* briefs in *In re Schering Plough Corp. ERISA Litig.*, No. 08-4814 (3d Cir. May 26, 2009) (discussed below); *Langbecker v. Elec. Data Sys. Corp.*, No. 04-41760 (5th Cir. Apr. 26, 2005) (Br. at 22-30, available at: http://www.dol.gov/sol/media/briefs/eds-4-26-2005(A).pdf); *In re Schering Plough Corp. ERISA Litig*., No. 04-3073 (3d Cir. Oct. 20, 2004) (Br. at 17 n.7, available at: http://www.dol.gov/sol/media/briefs/schering(A)-10-20-2004.pdf); *Lively v. Dynegy, Inc.*, No. 07-2073 (7th Cir. Oct. 10, 2007) (Br. at 21-27, available at: http://www.dol.gov/sol/media/briefs/lively(A)-10-10-2007.pdf); *Tittle v. Enron Corp*., No. H-01-3913 (S.D.Tex. Aug. 30, 2002) (Br. at 37, available at: http://www.dol.gov/sol/media/briefs/enron(A)-8-30-02.pdf).

[6] *Hecker v. Deere & Co*., No. 09-447 (U.S. docketed Oct. 15, 2009).

losses because Defendants failed to provide complete and accurate information regarding plan investments. Unisys MIO at 23; see also *Schering Plough*, discussed below.

Finally, as to the plaintiffs' prohibited transaction claim, *Tussey* found that revenue sharing payments from Fidelity Management to Fidelity Trust out of plan mutual funds could represent an indirect transfer of plan assets. Ex. 1 at 17:18-18:18. This undermines the Fidelity Defendants' argument here that they are not subject to any equitable remedy arising out of Plaintiffs' mutual fund investments, because any fees paid out of those funds are not "plan assets." Fidelity MIS at 15, 22-23; Fidelity RMIS at 15-16, 18. *Tussey* supports Plaintiffs' arguments against Fidelity in this regard. Fidelity MIO at 12-13.

### C.  *In re Schering Plough Corp. ERISA Litig.*, --- F.3d ---, No. 08-4814, 2009 WL 4893649 (3d Cir. Dec. 21, 2009).

The Unisys Defendants argue that ERISA § 404(c) (29 U.S.C. § 1104(c)) immunizes them for the "threshold" breach of selecting imprudent plan investment options, relying on *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 445 (3d Cir. 1996). Unisys RMIS at 5-7.[7] However, in *Schering Plough* the Third Circuit expressly *declined* to decide whether § 404(c) provides a defense for a fiduciary breach in selecting investment options for a plan. *Schering Plough*, 2009 WL 4893649 at *12 n.23. If the Court had already resolved that issue, it would have said so and cited *Unisys*. However, as the DOL noted in its *amicus* brief in *Schering Plough*, *Unisys* was decided before the effective date of DOL's § 404(c) regulation. Br. of Sec'y of Labor as *Amicus Curiae* in Support of Plaintiff-Appellee at 12-14, *In re Schering Plough ERISA Litig.*, No. 08-

---

[7] Aside from conclusory claims of compliance, Defendants' briefs contain no analysis, much less evidence, of how Unisys met the numerous detailed requirements of 29 C.F.R. § 2550.404c-1, which Plaintiffs dispute and which requires complicated factual inquiries. The "chart" which Defendants exclusively rely on is not competent evidence because it is merely ten pages of additional argument prepared by Unisys' attorneys. Unisys MIO at 22-23; cf. Unisys RMIS at 3. Even assuming *arguendo* the Unisys Plan qualified for § 404(c) status (a premature question at this stage), it provides no defense to Unisys' breach in selecting imprudent investment options, for the reasons stated by the *Tussey* court and in Plaintiffs' opposition brief. Ex. 1 at 14:15-15:15; Unisys MIO at 23-24.

4814 (3d Cir. May 26, 2009) ("DOL Br.");[8] cf. *In re Unisys*, 74 F.3d at 444 n.21 (the regulation "does not apply or guide our analysis in this case"). Since the issuance of the regulation, DOL consistently and repeatedly has interpreted § 404(c) to not provide a defense to fiduciary imprudence in selecting and retaining plan investment options, because the ensuing losses do not "result from" participant control. DOL Br. at 9-11 n.1, 15-17; see also n.5 above. The Court must defer to this interpretation of the DOL. See *Martin v. OSHA*, 499 U.S. 144, 157 (1991). The Third Circuit has not rejected DOL's interpretation. In light of *Schering Plough*, Defendants' reliance on *Unisys* is misplaced.

## CONCLUSION

Plaintiffs respectfully request that the Court consider these authorities as support for the denial of Defendants' motions to dismiss.

Date: January 13, 2010                    Respectfully Submitted,

                                                        SCHLICHTER, BOGARD & DENTON

                                                        __s/Troy A. Doles_____
                                                        Jerome J. Schlichter
                                                        Troy A. Doles (admitted *pro hac vice*)
                                                        100 South Fourth Street, Suite 900
                                                        St. Louis, MO 63102
                                                        Tel:    314-621-6115
                                                        Fax:   314-621-7151
                                                        Lead Counsel for Plaintiffs

                                                        Theodore H. Jobes
                                                        Fox Rothschild LLP
                                                        2000 Market Street, Tenth Floor
                                                        Philadelphia, PA 19103
                                                        Tel:    215-299-2786
                                                        Fax:   215-299-2150
                                                        Local Counsel for Plaintiffs

---

[8] Available at: http://www.dol.gov/sol/media/briefs/wendel(A)-5-26-2009.pdf.

**CERTIFICATE OF SERVICE**

   This is to certify that on January 13, 2010, a copy of the above was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph J. Costello
Brian T. Ortelere
Azeez Hayne
Jamie M. Kohen
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5295/5150/5472
Fax: 215.963.5001
Counsel for the Unisys Defendants

Stephen Harburg
Brian Boyle
Shannon Barrett
Stephen Brody
O'Melveny & Myers
1625 Eye Street, NW
Washington, DC 20006
Tel: 202.383.5300
Fax: 202.383.5414
Counsel for FMTC, FMRCo and FIIOC

John S. Summers (PA ID No. 41854)
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Fax: (215) 568-0300
Counsel for FMTC, FMRCo and FIIOC

          ____s/Troy A. Doles_____
            Counsel of Record