UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK RENFRO and GERALD LUSTIG, individually and on behalf of all of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNISYS CORPORATION, UNISYS CORPORATION EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE, UNISYS CORPORATION SAVINGS PLAN MANAGER, PENSION INVESTMENT REVIEW COMMITTEE, J.P. BOLDUC, MATTHEW J. ESPE, GAIL D. FOSLER, RANDALL J. HOGAN, CLAYTON M. JONES, CLAY B. LIFFLANDER, THEODORE E. MARTIN, CHARLES B. MCQUADE, LAWRENCE W. WEINBACH, FMR, LLC, FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY MANAGEMENT & RESEARCH COMPANY, and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC.<br><br>Defendants. | Case Number: 07-cv-02098-BMS<br><br>Judge Berle M. Schiller |

**FIDELITY DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITIES SUPPORTING DENIAL
OF DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs have submitted two recent decisions in support of their opposition to the Fidelity Defendants' motion to dismiss. *See George v. Kraft Foods Global, Inc.*, 2009 WL 4884027 (N.D. Ill. Dec. 17, 2009); *Tussey v. ABB, Inc.*, No. 06-04305 (W.D. Mo. Dec. 8, 2009)

(transcript attached as Exhibit 1 to Pls. Supp. Auth. Br., hereinafter "*Tussey* Op.")).[1] Both decisions are contrary to established appellate authority; neither should be followed by this Court.

    A.    <u>*George v. Kraft Foods Global, Inc.*</u>

Plaintiffs cite *George* in support of three distinct propositions: (1) that the fiduciary status of the Fidelity Defendants categorically cannot be resolved on a motion to dismiss; (2) that plaintiffs' allegations suffice to state a claim that the investment options selected by the Unisys Defendants imposed unlawfully excessive costs on plan participants; and (3) that plaintiffs' claims are not barred by ERISA's six-year statute of repose. Pls. Supp. Auth. Br. 1-3.

1. *George*'s analysis of the adequacy of fiduciary status allegations has no bearing on the status of the Fidelity defendants. Most importantly, the plaintiffs in *George did not sue the plan's service provider* (here, FMTC). The case thus presented no question as to what facts must be alleged to establish that a service provider has discretionary authority over a plan's investment selections, in direct contravention of plan documents expressly prohibiting the service provider from exercising such authority. The court therefore did not consider the unbroken line of authority establishing that where fiduciary authority over certain conduct is expressly vested in one entity, a plaintiff seeking to hold another entity liable as a functional fiduciary with respect to that same conduct must allege facts establishing that the other entity functionally usurped the named fiduciary's nominal authority. *See* Fid. MTD Reply 3-4. That authority compels dismissal of the fiduciary-breach claims against the Fidelity entities here.

2. *George* also does not support denial of the motion to dismiss as it concerns plaintiffs' substantive excessive-fee allegations. Plaintiffs rely on the *George* court's attempt to distinguish

---

[1] Plaintiffs also submitted a third decision—*In re Schering Plough Corp. ERISA Litig.*, 2009 WL 4893649 (3d Cir. Dec. 21, 2009)—but plaintiffs cite the decision with respect to an ERISA § 404(c) issue raised only by the Unisys Defendants.

the Seventh Circuit's decision in *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), *cert. denied*, __ S. Ct. __, 2010 WL 154965 (January 19, 2010), on the grounds that *Hecker* ostensibly "says nothing regarding the duty a fiduciary holds with respect to a 401(k) investment plan's administrative services fees." Pls. Supp. Auth. Br. 2 (quoting *George*, 2009 WL 4884027, at *12 n.17). But both the *George* court and plaintiffs simply misread *Hecker*, which is emphatically *not* silent on plaintiffs' allegations that the selection of high-cost investment options causes a plan to incur excessive costs because of asset-based fees and revenue sharing. To the exact contrary, one of *Hecker*'s *core holdings* is that a plan fiduciary does not breach its duties in respect to the costs of investment options so long as plan participants are provided a sufficient mix of options that they can choose low-cost options if they so desire. 556 F.3d at 586. Because the Unisys Plan includes exactly the low-cost options plaintiffs desire, *Hecker* compels dismissal of the complaint, *George* notwithstanding.

3. Finally, plaintiffs cite the *George* court's ruling that the claims in that case were not barred by ERISA's six-year statute of repose. Pls. Supp. Auth. Br. 3 (citing 2009 WL 488027, at *6-*11). According to plaintiffs, "the court found the mere fact that a plan fund had been operated in the same manner since the mid-1990s 'sheds little light upon when the last action which constituted a part of each of the alleged breaches' occurred." *Id.* (quoting 2009 WL 4884027, at *9). But here, the "last action" that constitutes an alleged breach was the selection of the mutual funds attacked by plaintiffs, which occurred when the Trust Agreement was signed in 1993. Plaintiffs point to no subsequent act as creating a new violation, and have alleged no misrepresentation or concealment that would mitigate their delay. And while plaintiffs further contend that *George* supports their theory that the static presence of the funds through the years constitutes a "continuing violation," *id.*, that continuing violation approach has been squarely

rejected in this Circuit. *Miller v. Fortis Benefits Insur. Co.*, 475 F.3d 516, 522 (3rd 2007); *Keen v. Lockheed Martin Corp.*, 486 F. Supp. 2d 481, 494 (E.D. Pa. 2007).[2]

    B.    *Tussey v. ABB, Inc.*

Plaintiffs cite the *Tussey* summary judgment ruling in support of multiple contentions advanced by plaintiffs. The Fidelity defendants submit, however, that the *Tussey* court's ruling was erroneous and inconsistent with the decision of the Seventh Circuit in *Hecker v. Deere*, *supra*.

1. First, the court's ruling that a triable issue existed as to Fidelity's fiduciary status concerning the selection of investment options rests on the same misreading of the Trust Agreement that plaintiffs advance here, *viz.*, that the Agreement's "consent" and "mutual amendment" provision give FMTC "veto authority over any investment that was not managed by a Fidelity entity." *Tussey* Op. 5; *compare* Pls. Supp. Auth. Br. 4. That construction of the Agreement is legally incorrect, as Fidelity has shown. Fidelity MTD Reply 4-7. Properly construed, the Unisys Trust Agreement is indistinguishable from the trust agreement in *Hecker*, which did not make Fidelity a fiduciary, as the Seventh Circuit held. *See id.* at 5-6.

2. Plaintiffs also cite the *Tussey* court's denial of summary judgment on plaintiffs' excessive-fee claims. Pls. Supp. Auth. Br. 4. They first quote the court's observations concerning the duties of fiduciaries of large plans to use the plan's size to negotiate for lower-cost options, *id.*, but they again fail to note that the Unisys Plan includes exactly the low-cost options plaintiffs demand. They also note *Tussey*'s related rulings concerning plaintiffs'

---

[2] Notably, plaintiffs fail to mention that the *Tussey* decision, on which they rely for other purposes, granted summary judgment *against plaintiffs* on the six-year period of repose, holding that plaintiffs there had adduced no evidence of concealment or misrepresentation, and thus could not seek recovery for acts occurring more than six years prior to the filing of the complaint. *Tussey* Op. 19-20. That ruling did not compel judgment outright in *Tussey*, however, because the complaint in that case *also* addressed investment selections that occurred within the six-year window. By contrast, plaintiffs' allegations here involve *only* investment selections that occurred more than six years before the filing of the complaint, and because plaintiffs have already withdrawn their allegations of concealment or misrepresentation, their claims can and should be dismissed outright at this stage of the litigation.

4

excessive-fee claims, *id.*, but those rulings cannot be reconciled with *Hecker*'s correct conclusion that where participants have a sufficient mix of options to choose from, including low-cost options, then the fees are not excessive as a matter of law. 556 F.3d at 586; *see* Fidelity MTD Reply 14.

3. Finally, with respect to their claim for equitable relief from non-fiduciaries (including the Fidelity defendants), plaintiffs cite the *Tussey* court's ruling that revenue sharing payments made from mutual fund fees could represent "an indirect transfer of plan assets." Pls. Supp. Auth. Br. 6. They contend that this ruling supports their effort to recover what are effectively money damages from non-fiduciaries, *see* Fidelity MTD 21-23; Fidelity MTD Reply 15-18, but it does not. The flaw in that argument rests primarily on plaintiffs' inability to identify a particular res of funds still in Fidelity's possession that plaintiffs could recover. *See id.* The *Tussey* court's indirect transfer theory does nothing to cure that flaw.

## CONCLUSION

For the foregoing reasons, the authorities cited by plaintiffs do not support denial of the motion to dismiss. The motion should be granted.

Dated: January 26, 2010

Respectfully submitted,

By: /s/

John S. Summers (PA ID No. 41854)
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Fax:   (215) 568-0300

*Counsel for Defendants Fidelity Management Trust Company, Fidelity Management & Research Company, and Fidelity Investments Institutional Operations Company, Inc.*

*Of Counsel*:
Robert N. Eccles
Brian D. Boyle
Shannon M. Barrett
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 383-5300
Fax:   (202) 383-5414

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Jerome J. Schlichter
Troy A. Doles
Schlicter, Bogard & Denton
100 South 4th Street, Suite 900
St. Louis, MO 63102

*Counsel for Plaintiffs*

Theodore H. Jobes
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103

*Counsel for Plaintiffs*

Joseph J. Costello
Brian T. Ortelere
Azeez Hayne
Emily Bieber
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19101-2921

*Counsel for the Unisys Defendants*

Robert Eccles
Shannon Barrett
Stephen Brody
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

*Counsel for Defendants Fidelity Management Trust Company, Fidelity Management & Research Company, and Fidelity Investments Institutional Operations Company, Inc.*

/s/
John S. Summers