**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK RENFRO, et al.,** | : | |
| **Plaintiffs**, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNISYS CORPORATION, et al.,** | : | **No. 07-2098** |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this **19th** day of **February**, 2010, it is hereby **ORDERED** that:

1.  Unisys Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is **DENIED in part**.

    a.  Unisys Defendants' motion is **DENIED** with respect to the issue of standing.[1]

2.  Fidelity Defendants' Motion to Dismiss is **DENIED in part**.

    a.  Fidelity Defendants' motion is **DENIED** with respect to the issue of the statute of limitations.[2]

---

[1] Unisys Defendants argue that Plaintiffs failed to demonstrate constitutional standing because they did not specifically allege a personal injury.  The Court rejects this hyper-formalistic reading of the Complaint.  Plaintiffs allege that they were members of the Plan and that Defendants breached a duty to all Plan participants by causing the Plan to pay excessive fees. (*See* Sec. Am. Compl. ¶¶ 25, 26(B)(vii) and (xiii); *see also id.* ¶ 52 ("As a result of Unisys Defendants' breaches, the Plan and Plaintiffs' class have suffered financial losses and damages . . . .").)  This pleading is sufficient to establish personal injury to Plaintiffs and therefore constitutional standing.

[2] ERISA provides that no action for breach of fiduciary duty may be commenced after the earlier of: (1) three years after the plaintiff acquired actual knowledge of the breach, or (2) six years after the last action that constituted the breach.  29 U.S.C. § 1113.  According to Fidelity Defendants, the crux of Plaintiffs' claims is that the selection of excessively costly funds for the Plan constituted a breach of duty and that since those funds were selected more than six years ago, claims that their selection constituted a breach of fiduciary duty are time-barred.  This argument ignores ERISA's ongoing duty to ensure that plan assets are prudently invested.  *See*

3.      The Court at this time makes no judgment as to the remaining arguments in

Defendants' motions.


BY THE COURT:

_____

**Berle M. Schiller, J.**

---

*Martin v. Consultants & Adm'rs Inc.*, 966 F.2d 1078, 1087–88 (7th Cir. 1992) (noting the "continuing nature of a trustee's duty under ERISA to review plan investments and eliminate imprudent ones");  *Whitfield v. Cohen*, 682 F. Supp. 188, 196 (S.D.N.Y. 1988) ("[The Fiduciary] had a duty to monitor [an investment's] performance with reasonable diligence and to withdraw the investment if it became clear or should have become clear that the investment was no longer proper for the Plan."); *Buccino v. Continental Assur. Co.*, 578 F. Supp. 1518, 1521 (S.D.N.Y. 1983) ("Fund fiduciaries [are] under a continuing obligation to advise the Fund to divest itself of unlawful or imprudent investments.  Their failure to do so [gives] rise to a new cause of action each time the Fund [is] injured by its continued possession of [unlawful investments].").

    *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516 (3d Cir. 2007), is not to the contrary.  The issue in *Miller* was the accrual date of a claim under ERISA for unpaid benefits.  *Id.* at 517.  The plaintiff in *Miller* was alleging that the administrator of his plan had erroneously calculated the benefits due to him under an ERISA disability insurance plan.  *Id.*  The court held that the limitations period began when Miller first received an erroneously calculated benefit payment and it rejected Miller's argument that a new violation occurred with each payment he received. *Id.* at 522.  In *Miller*, the determination of how much a recipient was to be paid was a one-time decision that did not necessitate later review.  In contrast, the choice of investment options for an ERISA plan must be reviewed periodically to ensure that changing conditions have not rendered the investments imprudent.  *See Martin*, 966 F.2d at 1089; *Whitfield*, 682 F. Supp. at 196; *Buccino*, 578 F. Supp. at 1521.  Also, *Miller* dealt explicitly with ERISA claims against *non-fiduciaries*, and here we have a claim against a purported fiduciary.  *See Miller*, 475 F.3d at 520. Furthermore, under Fidelity Defendants' theory, a plaintiff would be time-barred from seeking redress if, more than six years after funds were selected for a plan, changing conditions (e.g. dramatic changes in the fee structure or composition of the plan's investment options) rendered those funds an imprudent option for the plan.

    Therefore, the Court rejects Fidelity Defendant's argument that Plaintiffs' Complaint can be dismissed in its entirety on statute of limitations grounds at this stage of the proceedings.